UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

METROPOLITAN LIFE INSURANCE
COMPANY,

                    Plaintiff,

          v.

LISA DeSABIO, Individually and as
Administratrix of the ESTATE OF KAYLA
M. HUMPHRIES, M.M., III, a minor, N.M.,
a minor, and MICHAEL D. MOORE, JR.,

                    Defendants.

_____

**DECISION AND ORDER**

1:15-CV-00691 EAW

## INTRODUCTION

Plaintiff filed a complaint in interpleader on July 31, 2015, asking the Court to permit it to pay into the registry of the Court life insurance proceeds arising out of the death of decedent Kayla M. Humphries, as a result of its inability to determine the proper beneficiary(ies). (Dkt. 1). On November 10, 2015, Plaintiff filed a motion for an order confirming this action as appropriate for interpleader relief, directing Plaintiff to deposit $95,000, plus interest, if any, into the Court, and discharging Plaintiff, Rich Products Corporation ("Rich Products"), and the Rich Products Corporation Group Life Insurance Program (the "Plan") from any further liability arising out of the life insurance benefits at issue in this action. (Dkt. 19). Plaintiff further requested an award of attorneys' fees, to be paid from the life insurance proceeds. (*Id.*).

Defendants Lisa DeSabio, the Estate of Kayla M. Humphries, M.M., III, and N.M. filed a response to Plaintiff's motion on November 30, 2016.   (Dkt. 22).   These Defendants do not object to Plaintiff's request to deposit the life insurance proceeds, plus any associated interest, into the Court, or to thereby discharge Plaintiff from any further liability or involvement.   These Defendants do object to Plaintiff's request for attorneys' fees, arguing that such an award is unwarranted and prejudicial to the Defendants.   (*Id.* at 1).   Defendant Michael Moore filed a response joining in these arguments on December 1, 2015.   (Dkt. 23).

For the reasons set forth below, the Court grants Plaintiff's motion in part and denies it in part.   Plaintiff's request for interpleader relief is granted.   The Court directs Plaintiff to deposit the sum of $95,000.00, plus accrued interest, if any, from August 10, 2013, into the Court.   Plaintiff, Rich Products, and the Plan are all discharged from any further liability relating to or arising out of the plan benefits at issue in this action. Plaintiff's request for attorneys' fees and costs is denied.

## DISCUSSION

## I.   Interpleader Relief

A plaintiff may seek interpleader relief where there are two or more claimants who are adverse to each other and whose claims may expose plaintiff to double or multiple liability.   28 U.S.C. § 1335; *see also* Fed. R. Civ. P.   22(a)(1), *Bradley v. Kochenash*, 44 F.3d 166, 168 (2d Cir. 1995).   Here, Plaintiff argues that it is entitled to interpleader relief because Defendants have made competing and adverse claims to the life insurance

proceeds at issue. (Dkt. 19-14 at 7-8). Defendants agree that interpleader relief is appropriate in this matter. (Dkt. 22, 23).

Upon review of the record, the Court finds that Plaintiff has adequately demonstrated its entitlement to interpleader relief. The Court directs Plaintiff to deposit the sum of $95,000.00, plus accrued interest, if any, from August 10, 2013, into the Court. Plaintiff, Rich Products, and the Plan[1] are discharged from any further liability relating to or arising out of the benefits at issue in this action.

## II.    Attorneys' Fees

Plaintiff has requested that it be awarded attorneys' fees and costs expended in this action, in a total amount of $6,434 ($5,949 in fees and $485 in costs), to be paid from the life insurance proceeds prior to their being deposited with the Court. (Dkts. 19, 24). Defendants argue that an attorneys' fees award is inappropriate in this case, because an action such as this to resolve contested issues concerning insurance proceeds is part of the ordinary cost of doing business. (Dkts. 22, 23).

"District courts possess equitable discretion to award costs and attorneys' fees to a disinterested stakeholder who has deposited the disputed res into court and sought a discharge from liability." *Correspondent Servs. Corp. v. J.V.W. Investments Ltd.*, 204 F.R.D. 47, 49 (S.D.N.Y. 2001) (citing *Septembertide Publishing, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir.1989)). "Whether attorney's fees should be awarded in

---

[1]     Decedent Kayla M. Humphries was an employee of Rich Products and the life insurance benefits at issue are payable as a result of her participation in the Plan.

an interpleader action is left to the sound discretion of the trial court." *Commercial Union Life Ins. Co. of New York v. Almonor*, No. 98 CIV. 3649 (JSM), 1999 WL 292562, at *1 (S.D.N.Y. May 7, 1999).

In matters involving the payment of insurance proceeds, "[a]n award of attorney's fees to an insurer is appropriate only when the expense incurred for the interpleader action exceeded the ordinary cost of doing business. . . . The ordinary cost of doing business in the life insurance industry must reflect the need for interpleader actions in some cases." *Id.*; *see also Croskey v. Ford Motor Co.-UAW*, No. 01 CIV. 1094 (MBM), 2002 WL 974827, at *9 (S.D.N.Y. May 6, 2002) ("Conflicting claims to the proceeds of a policy are inevitable and normal risks of the insurance business. Interpleader relieves the insurance company of multiple suits and eventuates in its discharge. Accordingly [such actions are] brought primarily in the company's own self-interest.") (quotation omitted).

Plaintiff argues that this is not a typical interpleader case. (Dkt. 24). Plaintiff offers the following arguments in support of its application for attorneys' fees: (1) this action involves complicated issues of fact and law; (2) this action protects interests other than Plaintiff's; (3) Plaintiff was required to file a motion for a guardian ad litem; and (4) Plaintiff was required to effect personal service on Defendant Michael D. Moore, II, because he would not waive service. (*Id.*).

The Court finds Plaintiff's arguments unpersuasive. With respect to Plaintiff's argument that this action involves complicated issues of fact and law, even assuming that to be the case, Plaintiff has not offered any explanation for how its fees and costs have

been increased as a result. This matter is in its infancy. Plaintiff has not been (and will not be) required to brief, argue, or otherwise determine those complicated issues. Indeed, the purpose of an action in interpleader is to relieve a disinterested stakeholder of that burden.

Regarding Plaintiff's argument that because the life insurance benefits at issue are payable out of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.*, it "has not commenced this interpleader action solely for its own benefit," (Dkt. 24 at 4), Plaintiff has again failed to offer a plausible explanation for how its fees and costs have increased as a result. The relevant inquiry is whether the cost of this action exceeds the ordinary cost of doing business, *Almonor*, 1999 WL 292562 at *1, not whether Plaintiff acted solely in its own interest.

Plaintiff argues without elaboration that having to "draft and file a notice of motion, a declaration, and supporting memorandum of law" seeking the appointment of a guardian ad litem in this matter represented an unusual cost. (Dkt. 24 at 5). However, a simple review of the case law reveals that it is not unusual for a guardian ad litem to be appointed in actions in interpleader. *See, e.g., Metro. Life Ins. Co. v. Hutton*, No. 10-CV-552A SR, 2010 WL 4116620, at *1 (W.D.N.Y. Oct. 19, 2010) (guardian ad litem appointed to represent minor children in action in interpleader); *Travelers Ins. Co. v. Estate of Garcia*, No. 00-CV-2130 (ILG), 2003 WL 1193535, at *2 (E.D.N.Y. Feb. 4, 2003) (same). Plaintiff's motion papers were less than 20 pages long, including exhibits (Dkt. 7), and its motion was unopposed (Dkt. 10). In short, the Court is not persuaded

that drafting a simple, unopposed motion for appointment of a guardian ad litem represents an extraordinary cost in the context of an action in interpleader.

The Court also does not agree that Plaintiff should be reimbursed for the cost of serving Mr. Moore. Service of process is a routine cost of litigation. Federal Rule of Civil Procedure 4(d)(2) is not implicated because Mr. Moore had "good cause" for his failure to waive personal service – namely, that his guardian ad litem did not believe that waiving service of process was within the scope of his authority.[2] Moreover, Rule 4(d)(2) provides for the imposition of costs on the defendant who failed to waive service – not, as Plaintiff seeks here, on funds to which no defendant's entitlement has been determined.

Finally, the Court is troubled by the proportion of the life insurance proceeds represented by the requested attorneys' fees. The requested fees and costs ($6,434) total nearly 7% of the total life insurance proceeds, which are already a fairly modest sum. *See generally Guardian Life Ins. Co. of Am. v. St. Ange*, No. 11 CIV. 3468 PKC, 2012 WL 463894, at *2 (S.D.N.Y. Feb. 8, 2012) (the relatively small size of an insurance policy should be taken into account on a fee application).

In sum, the Court is not persuaded to exercise its discretion and award attorneys' fees to Plaintiff. The costs expended by Plaintiff in this case are the ordinary costs of doing business.

---

[2]     In assessing whether good cause existed, the Court has considered the fact that "[w]aiver of service may not be requested . . . of infants or **incompetent persons**. . . ." Wright & Miller, 4A *Fed. Prac. & Proc. Civ.* § 1092.1, Request for Waiver of Formal Service of Summons (4th ed.) (emphasis added).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion (Dkt. 19) is granted in part and denied in part. The Court confirms that interpleader relief is appropriate in this action, directs Plaintiff to deposit the sum of $95,000.00, plus accrued interest, if any, from August 10, 2013, into the Court, and discharges Plaintiff, Rich Products, and the Plan from any further liability relating to or arising out of the plan benefits at issue in this action. Plaintiff's request for attorneys' fees and costs is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: February 1, 2016
       Rochester, New York